# EXHIBIT 1

Andrea Lynn Chasteen
Will County Circuit Clerk
Twelfth Judicial Circuit Court
Electronically Filed
2022LA000252
Filed Date: 4/18/2022 9:48 AM
Envelope: 17528588
Clerk: ENK

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## WILL COUNTY, ILLINOIS

| | | |
|---|---|---|
| R.S., a Minor, by and through her<br>Guardian SARAH DOVER, individually<br>and on behalf of all similarly situated<br>individuals, | ) ) ) ) | |
| *Plaintiff,* | ) ) | No. 2022LA000252 |
| v. | ) ) | Hon. |
| IDOLOGY, INC., a Georgia corporation, | ) ) | **Jury Trial Demanded** |
| *Defendant.* | ) | |

### CLASS ACTION COMPLAINT

Plaintiff R.S., a Minor, by and through her Guardian Sarah Dover ("Plaintiff"), individually and on behalf of all similarly situated individuals, brings this Class Action Complaint against Defendant IDology, Inc. ("Defendant") for its violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), and to obtain redress for persons injured by its conduct. Plaintiff alleges the following based on personal knowledge as to Plaintiff's own experiences, and as to all other matters, upon information and belief, including an investigation conducted by Plaintiff's attorneys.

### INTRODUCTION

1.      BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including face scans, voice prints, handprints, fingerprints and palm scans. "Biometric information" is any information based on a biometric identifier, regardless of how it is converted or stored. 740 ILCS § 14/10. Collectively, biometric identifiers and biometric information are known as "biometrics."

> **Initial case management set for**
> **_____ at: _____ a.m.**

2.      This case is about an internet-based identity verification technology company capturing, collecting, storing, using and disseminating Plaintiff's and other consumers' biometric identifiers and/or biometric information without regard to BIPA and the privacy rights that BIPA protects.

3.      In an effort to facilitate identity verification for its customers who require swift verification and/or onboarding solutions, Defendant collects consumers' biometrics in the form of their facial geometry so it can verify their ages and identities.

4.      Consumers who seek to purchase and/or use services from Defendant's customers are required to undergo Defendant's identity and age-verification process, which involves uploading a photo ID, such as a driver's license or passport. Defendant then requires the consumer to upload a separate photograph of their face (i.e. a "selfie").

5.      Once the photograph is uploaded, Defendant uses facial recognition technology, which extracts biometric facial geometry scans from the picture on the consumer's ID and the separate "selfie" picture, to match the faces appearing in the photo ID and selfie. This process enables Defendant to conduct both identity verification and age verification on behalf of its clients.

6.      Recognizing that biometrics present unique security concerns, the Illinois Legislature enacted BIPA specifically to regulate companies that collect and store Illinois citizens' biometrics. BIPA provides, *inter alia*, that private entities, such as Defendant, may not collect, capture, purchase, or otherwise obtain an individual's biometric identifiers, such as facial geometry, or any biometric information, including any data regardless of the manner in which it is converted or stored, unless they first:

> a. inform that person in writing that biometric identifiers or biometric
>    information will be collected or stored;

2

        b.  inform that person in writing of the specific purpose and the length of term for which such biometric identifiers or biometric information is being collected, stored and used; and

        c.  receive a written release from the person for the collection of their biometric identifiers or biometric information.

740 ILCS 14/15(b)(1)-(3).

7.     Also, private entities, such as Defendant, may not obtain and/or possess an individual's biometrics unless they make publicly available written retention guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15(a).

8.     In addition, private entities are prohibited from profiting from an individual's biometric identifiers or biometric information, as well as disclosing or disseminating the same to third parties without informed consent. 740 ILCS 14/15(c), (d).

9.     Plaintiff brings this action for statutory damages and other remedies as a result of Defendant's conduct in violating her biometric privacy rights under BIPA.

10.    Compliance with BIPA is straightforward and minimally-burdensome. For example, the necessary disclosures may be accomplished through a single sheet of paper or the electronic equivalent.

11.    BIPA's requirements bestow upon consumers a right to privacy in their biometrics and a right to make an *informed* decision when electing to provide or withhold her/her most sensitive information and on what terms.

12.    BIPA's statutory scheme requires that private entities like Defendant make specific disclosures to consumers *prior to* collecting their biometrics, which allows consumers the opportunity to make an *informed* choice when choosing to provide their biometrics. Unlike other

3

statutes that only create a right of action if there is a qualifying data breach, BIPA strictly regulates the manner in which entities may collect, store, and use biometrics and creates a private right of action for lack of statutory compliance.

13. Notwithstanding the clear and unequivocal requirements of the law, Defendant disregards Illinois citizens' statutorily protected privacy rights and unlawfully collects, stores, disseminates and uses individuals' biometrics through its invasive facial recognition program.

14. Defendant collects the facial geometry of its clients' customers in Illinois without first obtaining those individuals' informed written consent and without providing written disclosures regarding its purpose for collecting their biometrics and disclosing its retention practices, as required by BIPA.

15. Accordingly, Plaintiff brings this action for damages and other legal and equitable remedies resulting from the illegal actions of Defendant in capturing, collecting, storing, using, and disclosing her biometrics, and those of hundreds of other consumers throughout the state of Illinois.

16. On behalf of herself and the proposed Class defined below, Plaintiff seeks an injunction requiring Defendant to comply with BIPA, as well as an award of statutory damages to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

17. Defendant IDology, Inc. is a Georgia corporation that conducts and transacts business throughout the state of Illinois, including in Will County, Illinois, and knowingly transacts with Illinois residents. Defendant advertises its platform as a way to comply

18. At all relevant times, Plaintiff has been a resident and citizen of Will County and the state of Illinois.

## JURISDICTION AND VENUE

19.     This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States, because Defendant is doing business within this State and because Plaintiff's claims arise out of Defendant's unlawful in-state actions, as Defendant captured, collected, stored, and used Plaintiff's biometric identifiers and/or biometric information in this State.

20.     Venue is proper in Will County pursuant to 735 ILCS 5/2-101, because Defendant is doing business in Will County and thus resides there under § 2-102, and because the biometric transaction out of which this cause of action arises occurred in Will County.

## FACTUAL BACKGROUND

21.     In order to provide its clients with biometric authentication services, Defendant Idology developed a biometrically-enabled Application Programming Interface (or "API").

22.     Defendant incorporates its identity-verification platform into its clients' mobile or internet-based applications, where it collects and analyzes individuals' facial biometrics in order to authenticate their identities for its clients.

23.     Defendant's API performs its identity verification by requiring the user to present some form of identification that features a picture of their face, from which it collects a facial biometric scan, and then obtaining a "selfie," *i.e.* a live picture of the user's face, from which it obtains a separate facial biometric scan. Defendant then compares the facial geometries obtained from the identifying document and the selfie. If Defendant's platform determines that the facial biometrics from the two sets of pictures match, the user's identity is verified.

24.     Between 2018 and 2019, Plaintiff registered with one of Defendant's clients, Roblox, the maker of a popular children's video game, with significant operations in Illinois and

5

which requires a fast onboarding process for its developers (many of whom are minors) involving identity and age verification. Plaintiff registered with Roblox in Illinois.

25. In order to be accepted into one of Roblox's developers program, Plaintiff was required to upload her school identification documents and a "selfie" photograph to Defendant's identity verification API.

26. When Plaintiff engaged with Defendant's age and identity verification API, Defendant collected the IP address and geolocation of the device Plaintiff used to upload her identification documents and selfie picture. Thus, Defendant knew its API was interacting with an individual located in the state of Illinois.

27. Using its proprietary facial recognition and matching technology, Defendant collected, stored, and analyzed Plaintiff's facial geometry in order to compare her face with the photograph on her ID, and thus verify her age and identity.

28. On information and belief, Defendant then disclosed and/or disseminated Plaintiff's biometric data to third parties for data storage purposes in order to facilitate future transactions, but Defendant failed to obtain consent to do so as required by 740 ILCS 14/15(d).

29. Prior to taking Plaintiff's biometrics, Defendant did not seek, and Plaintiff never provided, any written consent relating to the collection or capture of her biometrics as required by 740 ILCS 14/15(b). Defendant also failed to provide Plaintiff with written disclosures informing her of the specific purpose and length of term for which her biometrics were being collected.

30. Though Defendant came into possession of Plaintiff's biometrics, Defendant failed to make publicly available any written biometric retention and destruction policy.

31. Defendant also unlawfully profited from the facial biometrics it obtained from consumers, including Plaintiff and the other Class members, as, on information and belief,

Defendant is paid by its clients for access to Defendant's facial recognition and matching platform on a per-biometric-verification basis, in violation of 740 ILCS 14/15(c).

32.     By failing to comply with BIPA, Defendant has violated Plaintiff's substantive state rights to biometric information privacy.

## CLASS ALLEGATIONS

33.     Plaintiff brings this action on behalf of herself and similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class defined as follows:

> Class: All individuals whose biometrics were captured, collected, stored, used, transmitted, and/or disseminated by Defendant or its technology within the state of Illinois any time within the applicable limitations period.

34.     Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officers or directors.

35.     Upon information and belief, there are at least hundreds of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's records.

36.     Plaintiff's claims are typical of the claims of the members of the Class she seeks to represent, because the factual and legal bases of Defendant's liability to Plaintiff and the other members are the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the Class. As alleged herein, Plaintiff and the Class have all suffered damages as a result of Defendant's BIPA violations.

7

37.     There are many questions of law and fact common to the claims of Plaintiff and the

Class, and those questions predominate over any questions that may affect individual members.

Common questions for the Class include, but are not limited to, the following:

> a.  Whether Defendant collects, captures, stores, uses, or disseminates the biometrics
>     of the members of the Class;
>
> b.  Whether Defendant obtained a written release from the members of the Class
>     before capturing, collecting, or otherwise obtaining their biometrics;
>
> c.  Whether Defendant provided a written disclosure to the members of the Class that
>     explains the specific purposes, and the length of time, for which biometrics were
>     being collected and used before collecting such biometrics;
>
> d.  Whether Defendant disseminated or disclosed the Class members' biometrics to
>     third parties with their consent;
>
> e.  Whether Defendant's conduct violates BIPA;
>
> f.  Whether Defendant's violations of BIPA are willful or reckless;
>
> g.  Whether Defendant's violations of BIPA are negligent; and
>
> h.  Whether Plaintiff and other Class members are entitled to damages and injunctive
>     relief.

38.     Absent a class action, most members of the Class would find the cost of litigating

their claims to be prohibitively expensive and would thus have no effective remedy. The class

treatment of common questions of law and fact is superior to multiple individual actions or

piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes

consistency and efficiency of adjudication.

8

39.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class she seeks to represent. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to those of the other members of the Class.

40.     Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

**COUNT I**
**Violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*,**
**(On behalf of Plaintiff and the Class)**

41.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

42.     Defendant is a private entity under BIPA.

43.     As described above, Plaintiff and the Class members had their biometric identifiers, in the form of their facial geometry, and/or information or data derived therefrom, i.e. biometric information, collected, captured, received or otherwise obtained by Defendant. *See* 740 ILCS 14/10.

44.     Defendant captured, collected, stored, used, and otherwise obtained Plaintiff's and the Class members' biometrics through its biometric identity verification service without obtaining their informed written consent and without complying with BIPA.

9

45.     Defendant also violated BIPA when it came into possession of biometric identifiers and/or biometric information and did not make publicly available a biometric retention and destruction policy.

46.     Upon information and belief, Defendant disclosed or disseminated the biometric identifiers and/or biometric information of Plaintiff and the Class members to at least one third party for data storage or redundancy purposes without obtaining their written consent to do so.

47.     Plaintiff and the Class members have been aggrieved by Defendant's failures to adhere to the following BIPA requirements, with each such failure constituting a separate and distinct violation of BIPA:

a.  Defendant failed to inform Plaintiff and the Class members in writing that their biometrics were being collected and stored, prior to such collection or storage. as required by 740 ILCS 14/15(b)(1);

b.  Defendant failed to inform Plaintiff and the Class members in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

c.  Defendant failed to inform Plaintiff and the Class members in writing of the specific length of term their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

d.  Defendant failed to obtain a written release from Plaintiff and the Class members, as required by 740 ILCS 14/15(b)(3);

e.  Defendant failed to make publicly available a written retention schedule detailing the length of time for which the biometrics are stored and/or guidelines for permanently destroying the biometrics they store, as required

10

by 740 ILCS 14/15(a); and

f.  Defendant failed to obtain informed consent to disclose or disseminate the
    Class members' biometrics, as required by 740 ILCS 14/15(d)(1).

48.     As alleged herein, Defendant also unlawfully profited from the facial biometrics it
obtained from its clients, including Plaintiff and the other Class members, as Defendant was paid
by its clients for their use of Defendant's biometric verification platform on a per-verification
basis, such that biometrics constituted a necessary element of Defendant's for-profit model. 740
ILCS 14/15(c).

49.     By capturing, collecting, storing, using, and disseminating Plaintiff's and the Class
members' biometrics as described herein, Defendant denied Plaintiff their respective rights to
biometric information privacy, as set forth in BIPA.

50.     BIPA provides for statutory damages of $5,000 for each willful and/or reckless
violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA.

51.     Defendant's violations of BIPA, as set forth herein, were knowing and willful, or
were at least in reckless disregard of the statutory requirements, as BIPA has been in existence
since 2008, and BIPA's minimally-burdensome compliance regime may be satisfied with a single
sheet of paper or a single webpage screen. Alternatively, Defendant negligently failed to comply
with BIPA disclosure, consent, and policy posting requirements.

52.     Accordingly, with respect to Count I, Plaintiff, on behalf of herself through her
Guardian, and the proposed Class, prays for the relief set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the proposed Class, respectfully requests
that this Court enter an Order:

11

a.  Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

b.  Declaring that Defendant's actions, as set forth herein, violate BIPA;

c.  Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA requirements for the capture, collection, storage, use, and dissemination of biometric identifiers and biometric information;

d.  Awarding statutory damages in excess of $50,000, including $5,000 for each willful and/or reckless violation of BIPA, pursuant to 740 ILCS 14/20(2), and $1,000 for each negligent violation of BIPA, pursuant to 740 ILCS 14/20(1);

e.  Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3);

f.  Awarding pre- and post-judgment interest, as allowable by law; and

g.  Awarding such further and other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: April 18, 2022

Respectfully Submitted,

R.S., a Minor, by and through her Guardian SARAH DOVER, individually and on behalf of similarly situated individuals

By:  /s/ Timothy P. Kingsbury
     *One of Plaintiff's Attorneys*

Timothy P. Kingsbury (ARDC #6329936)
Andrew T. Heldut (ARDC #6331542)
Colin P. Buscarini (ARDC #6332509)
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.

Chicago, IL 60601
Tel: (312) 893-7002
tkingsbury@mcgpc.com
aheldut@mcgpc.com
cbuscarini@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*