IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| R.S., a Minor, by and through her Guardian SARAH DOVER, individually and on behalf of all similarly situated individuals, <br><br> *Plaintiff,* <br><br> v. <br><br> IDOLOGY, INC., a Georgia corporation, <br><br> *Defendant.* | No. 22-cv-03479 <br><br> Hon. Martha M. Pacold |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN FURTHER OPPOSITION TO DEFENDANT IDOLOGY, INC.'S MOTION TO DISMISS**

Plaintiff, R.S., a Minor, by and through her Guardian, Sarah Dover ("Plaintiff"), respectfully submits this notice to inform the Court of the recent Opinions and Orders entered in *A.P. v. Cerence, Inc.*, 2023-CH-02866 (Ill. Cir. Ct. Cook Cnty. Feb. 27, 2024), *Moomaw v. GeoSnapShot PTY LTD,* No. 3:23-CV-1321-DWD, 2024 WL 991531 (S.D. Ill. Mar. 7, 2024), and *Hernandez v. Omnitracs, LLC*, No. 1:22-CV-00109, 2024 WL 1376352 (N.D. Ill. Mar. 31, 2024), each of which may be relevant to this Court's analysis of Defendant's currently-pending Motion to Dismiss Plaintiff's First Amended Class Action Complaint. In support, Plaintiff states:

1. Plaintiff filed her operative First Amended Class Action Complaint against Defendant IDology, Inc. ("Defendant") on August 2, 2022, asserting claims under Sections 15(a)-(d) of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*. ("BIPA"). (*See generally* First Amended Class Action Complaint, Dkt. 14, hereinafter the "Complaint").

1

2. On August 16, 2022, Defendant filed a Motion to Dismiss (Dkt. 16, hereinafter the "Motion") for lack of personal jurisdiction, improper extraterritorial application of BIPA, and failure to state a claim under Sections 15(c) and 15(d) of BIPA.

3. On March 7, 2024, the U.S. District Court for the Southern District of Illinois issued a ruling in *Moomaw v. GeoSnapShot PTY LTD,* No. 3:23-CV-1321-DWD, 2024 WL 991531 (S.D. Ill. Mar. 7, 2024)*,* a case similarly involving claims brought under BIPA. A copy of the *Moomaw* decision is attached hereto as **Exhibit A**.

4. The *Moomaw* decision addressed the appropriate exercise of specific personal jurisdiction over an out-of-state technology vendor that provides its nationwide client base with photo capture and collection services equipped with biometric search functionality. The court found that it had specific personal jurisdiction over the vendor because it was reasonably foreseeable that the vendor's technology would be used by Illinois residents. *See* Ex. A at page 17.

5. On March 31, 2024, Judge Edmond E. Chang issued a decision in *Hernandez v. Omnitracs, LLC*, No. 1:22-CV-00109, 2024 WL 1376352 (N.D. Ill. Mar. 31, 2024), a case also involving claims brought under BIPA. A copy of the *Hernandez* decision is attached hereto as **Exhibit B**.

6. In *Hernandez*, Judge Chang addressed the appropriate analysis central to Defendant's personal jurisdiction and extraterritorial arguments brought before this Court in its Motion.

7. On February 27, 2024, the Circuit Court of Cook County, Illinois issued a decision in *A.P. v. Cerence, Inc.*, 2023-CH-02866 (Ill. Cir. Ct. Cook Cnty. Feb. 27, 2024), a case also involving claims brought under BIPA. A copy of the *Cerence* decision is attached hereto as **Exhibit C**.

6. The *Cerence* decision addressed the appropriate criteria to adequately plead a claim under Section 15(c) of BIPA. Similar to Defendant's argument here, defendant Cerence argued that plaintiff failed to state a claim under Section 15(c) as 15(c) requires a direct sale of biometric data to a third-party for profit. Judge Joel Chupack rejected that argument, finding that the plain language of Section 15(c) does not require a finding that a defendant sold biometric data to a third party for profit, but rather a finding that the collection and use of biometrics is a necessary component to such a defendant's profit business model.

Dated: May 7, 2024                                  Respectfully submitted,

                                                    R.S., a Minor, by and through her Guardian
                                                    SARAH DOVER, individually and on behalf of
                                                    similarly situated individuals

                                            By:     /s/ Colin P. Buscarini
                                                    *One of Plaintiff's Attorneys*

Timothy P. Kingsbury
Andrew T. Heldut
Colin P. Buscarini
MCGUIRE LAW, P.C.
55 W. Wacker Dr., 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
tkingsbury@mcgpc.com
aheldut@mcgpc.com
cbuscarini@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 7, 2024, I caused the foregoing *Notice of Supplemental Authority in Further Opposition to Defendant IDology, Inc.'s Motion to Dismiss* to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send a copy by electronic mail to all counsel of record.

/s/ Colin P. Buscarini