# EXHIBIT C

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – CHANCERY DIVISION

| | |
|---|---|
| A.P., a minor, by and through her guardian, Carlos Pena, Carlos Pena, Randolph Freshour, and Vincenzo Allan, each individually and on behalf of similarly situated individuals, | ) ) ) ) ) ) 2023-CH-02866 |
| Plaintiffs, | ) ) Calendar 2 |
| v. | ) ) |
| Cerence Inc., a Delaware Corporation, | ) ) |
| Defendant. | ) ) |

**OPINION AND ORDER**

JOEL CHUPACK, Circuit Judge

This matter comes before the Court on Defendant Cerence Inc., a Delaware corporation's ("Cerence") Motion to Dismiss (the "Motion") the Class Action Complaint (the "Complaint") filed by Plaintiff A.P., a minor, by and through her guardian, Carlos Pena, Carlos Pena, Randolph Freshour, and Vincenzo Allan, each individually and on behalf of similarly situated individuals (collectively, "Pena").

I.

This matter arises from litigation involving a putative class action alleging violation of the Illinois Biometric Privacy Act 740 ILCS 14/1 (the "BIPA") for failure to comply with Illinois' requirements for gathering individuals' biometric data based on Sections 15(a) and 15(c) of the BIPA.

II.

The Motion is a combined motion to dismiss brought under Section 2-619.1 of the Illinois Code of Civil Procedure (the "Code"). Section 2-619.1 of the Code allows defendants to combine a section 2-615 motion to dismiss with a section 2-619 motion to dismiss. *Walworth Investments-LG, LLC v. Mu Sigma, Inc.*, 2022 IL 127177 ¶ 39.

**Section 2-615.** Section 2-615 of the Illinois Code of Civil Procedure permits a court to strike a pleading if it is substantially insufficient in law or otherwise defective. *Guinn v. Hoskins Chevrolet, et al.*, 361 Ill. App. 3d 575, 585 (1st Dist. 2005). A motion to dismiss under Section 2-615 admits all well pleaded facts and all

1 | Page

reasonable inferences from those facts. *Calloway v. Kinkelaar,* 168 Ill. 2d 312, 319 (1995).

A court, in reviewing the legal sufficiency of a complaint, must assume the truth of all facts properly pled and must ignore conclusions of law that are unsupported by allegations of specific facts upon which conclusions rest. *Mlade v. Finley,* 112 Ill. App. 3d 914, 918 (1st Dist. 1983). If, after disregarding any legal and factual conclusions, the complaint does not allege sufficient facts to state a cause of action, the motion to dismiss should be granted. *Carter v. New Trier East High School,* 272 Ill. App. 3d 551 (1st Dist. 1995).

### A. Section 15(c) of the BIPA:

Section 15(c) of the BIPA states that: "No private entity in possession of a biometric identifier or biometric information may sell, lease, trade, or otherwise profit from a person's or a customer's biometric identifier or biometric information." 740 ILCS 14/15(c).

Cerence asserts that Pena must allege that it directly sold or exchanged for something of value biometric identifiers or biometric information. Pena only alleges that the vehicles' technologies "collect" biometric data after the technologies are sold to a manufacturer, integrated by the manufacturer into the vehicle, and out of Cerence's hands. Cerence argues that Pena did not allege that their data was "so incorporated" into the product that, by marketing it, Cerence was disseminating their data. Additionally, Cerence argues that it does not directly sell biometric identifiers or biometric information.

Pena asserts that Cerence profited from its collection and use of voiceprint biometrics in violation of Section 15(c) of BIPA. The phrase "or otherwise profit" is not limited to transactions for the sale, lease, or trade of biometric data itself and that the plain language of Section 15(c) does not require a direct sale of biometric data. Rather, it applies broadly to for-profit businesses where collection and use of biometrics is a necessary component to its business model. *Mahood v. Berbix, Inc.,* 2022 U.S. Dist. LEXIS 153010, p. 6. Pena alleges that Cerence profited from the voiceprint biometric collection by using captured biometrics to improve its products and services which it sells to automotive manufacturer customers.[1] Pena further alleges that collection and use of voiceprint biometrics is a necessary element of Cerence's business model.[2]

---

[1] "Cerence also utilizes biometric information and other data derived from biometrics to create usage statistics and improve its services. Cerence's biometric-enabled technology 'is constantly learning driver preferences based on previous commands and behaviuors [sic], making interaction with the assistant increasingly intuitive over time.'" Compl., ¶37.
[2] Compl., ¶¶ 27, 29, 35, 40, 42 and 89.

In *Karling v. Samsara Inc*, 610 F. Supp. 3d 1094 (N.D. Ill. 2022), the court rejected the argument that Section 15(c) applies to the sale of "biometric data", but not "biometric technology". *Id.* at 1104. Cerence relies *Hogan v. Amazon.com Inc.*, Cqse No. 2021 CH 02330 (Cir. Ct. Cook Cty. Dec. 6, 2022), for the proposition that Section 15(c) requires some alleged exchange of biometrics for value. That case is an outlier. Section 15(c)'s plain language does not require a direct sale of biometric data. The Court holds that an action brought under Section 15(c) does not require a finding that s defendant sold biometric data to a third party for profit.

In reviewing the allegations in the light most favorable to the non-movant, the Court finds that Pena has sufficiently pled facts that Cerence has otherwise profited from a person's or a customer's biometric identifier or biometric information. Accordingly, dismissal based on Section 15(c) is unwarranted.

### B. BIPA Protected Biometric Information or Biometric Identifiers

Cerence argues that given the statutory language and its plain and ordinary meaning, Pena is not entitled to relief under the BIPA unless they allege that the relevant technology made a defendant capable of determining their identity. It argues that Pena's allegations are conclusory, without sufficient facts, and fails to specifically allege that Cerence Drive's speech recognition technology is capable of identifying the person who made a particular voice command. Cerence posits that it is not plausible that it could have linked their voices to any of their identifying characteristics - the foundational element of voice biometrics. As a result, Pena does not plausibly allege sufficient facts that their spoken words, alone, are BIPA-protected biometric identifiers or biometric information.

The Court disagrees with Cerence's premise and conclusion. A biometric identifier does not need to be combined with other personal information so that a specific person can be identified. The definition of "biometric identifier" in Section 10 of the BIPA does not include such a requirement. Rather, it merely lists various types of biometric identifiers, including a "voiceprint". *Whitman v. Bumble Trading LLC*, No. 2:22-cv-02100-CSB-EIL, at 42 (C.D. Ill. Oct., 20, 2023).

A similar argument was raised in *Hazlitt v. Apple Inc.*, 500 F. Supp 3d 738, (S.D. Ill. 2020) in which the court stated "Apple reads the word 'identifier' to exclude data that does not identify an actual person. This Court finds that interpretation too narrow. Each specific item on the list fits within the meaning of the term 'biometric identifier.' The word 'identifier' modifies the word 'biometric' to signal that the types of data listed *could* be used to identify a person." *Id.* at 748. The Court accepts the line of cases accepting this interpretation and declines to follow the ruling in *Daichendt v. CVS Pharm., Inc.*, No. 22 CV 3318, 2022 U.S. Dist. LEXIS 217484.

Pena pleads that Cerence's technology captured their voiceprints. The Complaint describes how Cerence's automobile technology not only understands speech, but also uses voice biometrics. Pena argues that their well-pled allegations show that their voiceprints fall within the BIPA's express definition of biometric identifiers, and are capable of being used to identify them - just like their fingerprints - even without additional, accompanying information. The Court agrees and finds that Pena has sufficiently pled that Cerence's capturing of their voiceprints is actionable under the BIPA. Accordingly, dismissal is unwarranted.

**Section 2-619**. A motion to dismiss based on section 2-619 admits the legal sufficiency of the complaint and presumes a valid cause of action exists but raises defects, defenses, or other affirmative matters which appear on the face of the complaint or are established by external submissions which negate the plaintiff's cause of action. *Covinsky v. Hanna Marine Corp.*, 388 Ill. App. 3d 478, 489 (1st Dist. 2009). The purpose of a motion to dismiss under 2-619 is to dispose of issues of law and easily proved issues of fact at the outset of a case. *Corluka v. BridgeFord Foods of Illinois Inc.*, 284 Ill. App. 3d 190, 192 (1st Dist. 1996). In ruling on a section 2-619 motion to dismiss, a court must interpret the pleadings and supporting materials in the light most favorable to the nonmoving party. *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 367-68 (2003).

To state a cause of action under Section 15(a) of the BIPA, a private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose of collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individuals last interaction with the private entity, whichever occurs first. Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information, must comply with its established retention schedule and destruction guidelines. 740 ILCS 14/15(a).

As a threshold matter, the Court must determine whether Pena has standing to bring his claim. Cerence argues that Pena lacks standing to pursue his claims because he does not allege an injury flowing from Cerence's conduct that is distinct and palpable to him. In Illinois, lack of standing is an affirmative defense. *Greer v. Illinois Hous. Dev. Auth.*, 122 Ill 2d 462 (1988). This argument is brought under section 2-619(a)(9) since the lack of standing is other affirmative matter avoiding the legal effect of or defeating the claim. 735 ILCS 5/2-619(a)(9). A plaintiff has no burden to plead and prove standing; rather, it is the defendant's burden to plead and prove lack of standing. *State ex rel. Leibowitz v. Family Vision Care*, 2020 IL 124754 ¶ 29.

Standing in Illinois requires that there be an injury in fact which must be (1) distinct and palpable; (2) fairly traceable to the defendant's actions; and (3) substantially likely to be prevented or redressed by the grant of the requested relief. *Greer*, 122 Ill. 2d at 491. Injury in fact genuinely narrows the class of potential plaintiffs to those whose grievances may be redressed by such decisions. *Id* at 543.

Cerence argues that Pena alleges a generalized injury that is suffered by an unidentified and uncertified class and is not an injury that is distinct and palpable. Further, Cerence argues that Pena does not plead a personalized injury to him based on a statutory violation under section 15(a).

Pena responds that a statutory violation of the BIPA is, by itself, a real and significant injury which is sufficient to confer standing. *Rottner v. Palm Beach Tan, Inc.*, 2019 IL App (1st) 180691-U ¶ 11-12. Pena cites to *Rosenbach v. Six Flags Entm't Corp.*, 2019 IL 123186 which states that if a private entity violates one of Section 15's requirements, the individual's statutory rights vanish into thin air and the precise harm the Illinois legislature sought to prevent is then realized. This is no mere technicality; the injury is real and significant. Pena argues that as a result, he does not need to plead or prove any additional injury beyond the violation itself. *Rosenbach* 2019 IL 123186, ¶ 33. The violation itself is sufficient to support the individual's statutory cause of action. *Sekura v. Krishna Schaumburg Tan, Inc.*, 2018 IL App (1st) 180175, ¶ 84.

Cerence asserts that *Rosenbach* only applies to Section 15(b) claims. The Court disagrees. *Rosenbach* states, "[A]ccordingly, when a private entity fails to comply with one of section 15's requirements, that violation constitutes an invasion, impairment, or denial of the statutory rights of any person or customer whose biometric identifier or biometric information is subject to the breach." *Rosenbach*, ¶ 33. This language does not apply any limitation on whether the statutory cause of action is brought under (a), (b), (c), or (d) of Section 15.

Cerence's standing argument is based solely on the face of the complaint, and as a result, it necessarily admits the allegations of the complaint. A BIPA violation is a real and significant injury, and if it is real and significant under *Rosenbach*, then it is likewise distinct and palpable for purposes of common law of the Illinois Constitution. *Roach v. Walmart, Inc.*, No. 19 Ch 1107, at 3 (Ill. Cir. Ct. Cook Cnty. Oct. 25, 2019) (Meyerson, J.)

The Court finds that Cerence has not met its burden in establishing lack of standing. Pena alleges that Cerence never published a retention policy and destruction guidelines for Plaintiffs' and other putative class members' biometrics and failed to make publicly available any policy addressing its biometric retention and destruction processes. The Court must accept these allegations as true for

purposes of deciding the Motion. The Court agrees with Pena's interpretation of *Rosenbach*, and accordingly, has standing to bring a claim.

### III.

IT IS HEREBY ORDERED THAT:

1. Defendant Cerence Inc.'s Motion to Dismiss is DENIED;

2. Defendant has to March 26, 2024, to answer the Complaint; and

3. The case is continued for status on the pleadings to April 9, 2024, at 9:30 a.m. via Zoom Teleconferencing using the following credentials:

**Zoom Meeting ID**: 940 2104 4687     **Password:** 296476
**Zoom Phone Number:** 312-626-6799
**Courtroom Law Clerk Numbers**: 312-603-5415 & 312-603-7208

Judge Joel Chupack

ENTERED: FEB 27 2024

Circuit Court

Judge Joel Chupack

6 | Page