**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| R.S., a Minor, by and through her Guardian SARAH DOVER, individually and on behalf of all similarly situated individuals,<br><br>Plaintiff,<br>vs.<br><br>IDOLOGY, INC., a Georgia corporation,<br><br>Defendant. | Case No. 22-cv-03479 |

**DEFENDANT IDOLOGY INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED CLASS ACTION COMPLAINT[1]**

**Plaintiff R.S., a Minor, by and through her Guardian Sarah Dover ("Plaintiff"), individually and on behalf of all similarly situated individuals, brings this First Amended Class Action Complaint against Defendant IDology, Inc. ("Defendant") for its violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, et seq. ("BIPA"), and to obtain redress for persons injured by its conduct. Plaintiff alleges the following based on personal knowledge as to Plaintiff's own experiences, and as to all other matters, upon information and belief, including an investigation conducted by Plaintiff's attorneys.**

Defendant IDology Inc. ("IDology"), denies the allegations above. Subject to and without waiving its objections to this Court's exercise of personal jurisdiction [ECF No. 11], IDology by and through the undersigned counsel, Answers and submits Affirmative Defenses to Plaintiff's First Amended Complaint [ECF No. 14] as follows:

## INTRODUCTION

[1] Defendant's Answer follows and includes the First Amended Complaint's subject headings solely for ease of reference, and deny any legal conclusions or characterizations of facts Plaintiff may seek to make by them.

1. **BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including face scans, voice prints, handprints, fingerprints and palm scans. "Biometric information" is any information based on a biometric identifier, regardless of how it is converted or stored. 740 ILCS § 14/10. Collectively, biometric identifiers and biometric information are known as "biometrics."**

**ANSWER TO PARAGRAPH 1:** Paragraph 1 of the First Amended Complaint alleges legal conclusions couched as factual allegations. Because Paragraph 1 does not aver factual allegations, no response by Defendant is required. To the extent a response is deemed necessary, Defendant states that BIPA is a statute that speaks for itself and otherwise denies the allegations in Paragraph 1.

2. **This case is about an internet-based identity verification technology company capturing, collecting, storing, using and disseminating Plaintiff's and other consumers' biometric identifiers and/or biometric information without regard to BIPA and the privacy rights that BIPA protects.**

**ANSWER TO PARAGRAPH 2:** Paragraph 2 of the First Amended Complaint alleges legal conclusions couched as factual allegations. Because Paragraph 2 does not aver factual allegations, no response by Defendant is required. To the extent a response is deemed necessary, Defendant denies the allegations of Paragraph 2 and specifically denies that it "collect[ed], stor[ed], us[ed], or disseminat[ed]" Plaintiff's "biometric identifiers and/or biometric information."

3. **In an effort to facilitate identity verification for its customers who require swift verification and/or onboarding solutions, Defendant collects consumers' biometrics in the form of their facial geometry so it can verify their ages and identities.**

**ANSWER TO PARAGRAPH 3:** Defendant admits that it offers products involving verification. Defendant denies the remaining allegations of Paragraph 3 and specifically denies that it collected Plaintiff's "biometrics in the form of [her] facial geometry."

4. **Consumers who seek to purchase and/or use services from Defendant's customers are required to undergo Defendant's identity and age-verification process, which involves uploading a photo ID, such as a driver's license or passport. Defendant then requires the consumer to upload a separate photograph of their face (i.e. a "selfie").**

**ANSWER TO PARAGRAPH 4:** Defendant admits that at least one of the numerous services it offers involves verification. Defendant denies the remaining allegations of Paragraph 4.

5. **Once the photograph is uploaded, Defendant uses facial recognition technology, which extracts biometric facial geometry scans from the picture on the consumer's ID and the separate "selfie" picture, to match the faces appearing in the photo ID and selfie. This process enables Defendant to conduct both identity verification and age verification on behalf of its clients.**

**ANSWER TO PARAGRAPH 5:** Defendant denies the allegations of Paragraph 5 and specifically denies that it "extract[ed] [Plaintiff's] biometric facial geometry scans" or "match[ed]" them to a "selfie."

6. **Recognizing that biometrics present unique security concerns, the Illinois Legislature enacted BIPA specifically to regulate companies that collect and store Illinois citizens' biometrics. BIPA provides, *inter alia*, that private entities, such as Defendant, may not collect, capture, purchase, or otherwise obtain an individual's biometric identifiers, such as facial geometry, or any biometric information, including any data regardless of the manner in which it is converted or stored, unless they first:**

**a. inform that person in writing that biometric identifiers or biometric information will be collected or stored;**

**b. inform that person in writing of the specific purpose and the length of term for which such biometric identifiers or biometric information is being collected, stored and used; and**

**c. receive a written release from the person for the collection of their biometric identifiers or biometric information.**

**740CS 14/15(b)(1)-(3).**

**ANSWER TO PARAGRAPH 6:** Paragraph 6 of the First Amended Complaint alleges legal conclusions couched as factual allegations. Because Paragraph 6 does not aver factual allegations, no response by Defendant is required. To the extent a response is deemed necessary, Defendant states that BIPA is a statute that speaks for itself, denies any liability, and otherwise denies the allegations of Paragraph 6, including all subparts thereto.

7. **Also, private entities, such as Defendant, may not obtain and/or possess an individual's biometrics unless they make publicly available written retention guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15(a).**

**ANSWER TO PARAGRAPH 7:** Paragraph 7 of the First Amended Complaint alleges legal conclusions couched as factual allegations. Because Paragraph 7 does not aver factual allegations, no response by Defendant is required. To the extent a response is deemed necessary, Defendant states that BIPA is a statute that speaks for itself, denies any liability, and otherwise denies the allegations of Paragraph 7.

8. **In addition, private entities are prohibited from profiting from an individual's biometric identifiers or biometric information, as well as disclosing or disseminating the same to third parties without informed consent. 740 ILCS 14/15(c), (d).**

**ANSWER TO PARAGRAPH 8:** Paragraph 8 of the First Amended Complaint alleges legal conclusions couched as factual allegations. Because Paragraph 8 does not aver factual allegations, no response by Defendant is required. To the extent a response is deemed necessary, Defendant states that BIPA is a statute that speaks for itself, denies any liability, and otherwise denies the allegations of Paragraph 8.

9. **Plaintiff brings this action for statutory damages and other remedies as a result of Defendant's conduct in violating her biometric privacy rights under BIPA.**

**ANSWER TO PARAGRAPH 9:** Defendant admits that Plaintiff brings this action and states that BIPA is a statute that speaks for itself. Defendant otherwise denies the allegations of Paragraph 9 and specifically denies any liability and any claim Plaintiff has for "statutory damages and other remedies."

10. **Compliance with BIPA is straightforward and minimally-burdensome. For example, the necessary disclosures may be accomplished through a single sheet of paper or the electronic equivalent.**

**ANSWER TO PARAGRAPH 10:** Paragraph 9 of the First Amended Complaint alleges legal conclusions couched as factual allegations. Because Paragraph 9 does not aver factual allegations, no response by Defendant is required. To the extent a response is deemed necessary, Defendant states that BIPA is a statute that speaks for itself and otherwise denies the allegations of Paragraph 10.

11. **BIPA's requirements bestow upon consumers a right to privacy in their biometrics and a right to make an *informed* decision when electing to provide or withhold her/her most sensitive information and on what terms.**

**<u>ANSWER TO PARAGRAPH 11:</u>** Paragraph 11 of the First Amended Complaint does not aver factual allegations to which any response by Defendant is required. To the extent a response is deemed necessary, Defendant states that BIPA is a statute that speaks for itself, denies any liability, and otherwise denies the allegations of Paragraph 11.

12. **BIPA's statutory scheme requires that private entities like Defendant make specific disclosures to consumers *prior to* collecting their biometrics, which allows consumers the opportunity to make an *informed* choice when choosing to provide their biometrics. Unlike other statutes that only create a right of action if there is a qualifying data breach, BIPA strictly regulates the manner in which entities may collect, store, and use biometrics and creates a private right of action for lack of statutory compliance.**

**<u>ANSWER TO PARAGRAPH 12:</u>** Paragraph 12 of the First Amended Complaint does not aver factual allegations to which any response by Defendant is required. To the extent a response is deemed necessary, Defendant states that BIPA is a statute that speaks for itself, denies any liability, and otherwise denies the allegations of Paragraph 12.

13. **Notwithstanding the clear and unequivocal requirements of the law, Defendant disregards Illinois citizens' statutorily protected privacy rights and unlawfully collects, stores, disseminates and uses individuals' biometrics through its invasive facial recognition program.**

**<u>ANSWER TO PARAGRAPH 13:</u>** Defendant denies the allegations of Paragraph 13.

14. **Defendant collects the facial geometry of its clients' customers in Illinois without first obtaining those individuals' informed written consent and without providing written disclosures regarding its purpose for collecting their biometrics and disclosing its retention practices, as required by BIPA.**

**ANSWER TO PARAGRAPH 14:** Defendant denies the allegations of Paragraph 14.

15. **Accordingly, Plaintiff brings this action for damages and other legal and equitable remedies resulting from the illegal actions of Defendant in capturing, collecting, storing, using, and disclosing her biometrics, and those of hundreds of other consumers throughout the state of Illinois.**

**ANSWER TO PARAGRAPH 15:** Defendant is without sufficient knowledge to form a belief as to the allegations relating to the putative class Plaintiff purports to represent and therefore denies the same. Defendant denies the remaining allegations of Paragraph 15 and specifically denies any liability.

16. **On behalf of herself and the proposed Class defined below, Plaintiff seeks an injunction requiring Defendant to comply with BIPA, as well as an award of statutory damages to the Class members, together with costs and reasonable attorneys' fees.**

**ANSWER TO PARAGRAPH 16:** Defendant admits that Plaintiff purports to represent the class as defined in Paragraph 36 of the First Amended Complaint. Defendant otherwise denies the allegations of Paragraph 16 and specifically denies that this action is properly brought as a putative class action and that Plaintiff is an adequate class representative. Defendant further specifically denies Plaintiff's claimed entitlement to injunctive relief.

## PARTIES

17. **Defendant IDology, Inc. is a Georgia corporation that conducts business throughout Illinois.**

**ANSWER TO PARAGRAPH 17:** Defendant admits that it is a Georgia corporation. Defendant admits that it generally does business in Illinois, but denies that services were performed in this forum sufficient to invoke the Court's judicial power to exercise personal jurisdiction over Defendant. Defendant further denies that personal jurisdiction is proper over it because its business operates from Georgia, notwithstanding the Court's conclusion to the contrary per the October 21, 2024 hearing on IDology's Motion to Dismiss the First Amended Complaint.

18. **Plaintiff is a natural person and a resident of Illinois.**

**ANSWER TO PARAGRAPH 18:** Defendant is without sufficient information to form a belief as to the allegations of Paragraph 18 and therefore denies the same.

## JURISDICTION AND VENUE

19. **This Court may assert subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) *et seq.*, because this case is a class action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; there are greater than 100 putative class members; at least one putative class member is a citizen of a state other than Defendant; and none of the exceptions under subsection 1332(d) apply.**

**ANSWER TO PARAGRAPH 19:** Defendant admits that the allegations put forth in the First Amended Complaint are sufficient to give this Court subject matter jurisdiction over this matter.

20. **This Court may assert personal jurisdiction over Defendant, because Defendant is knowingly doing business within Illinois and this District, and knowingly transacts business within Illinois such that it has sufficient minimum contacts with Illinois and/or has purposely availed itself of Illinois markets to make it reasonable for this Court to**

**exercise jurisdiction over Defendant, and because Plaintiff's claims arise out of Defendant's unlawful in-state actions when Defendant obtained biometric data in Illinois from Illinois residents, including Plaintiff.**

**ANSWER TO PARAGRAPH 20:** Paragraph 20 does not aver factual allegations to which any response by Defendant is required. To the extent a response is deemed necessary, Defendant denies the allegations of Paragraph 20 and denies that personal jurisdiction is proper over it in this action, notwithstanding the Court's conclusion to the contrary per the October 21, 2024 hearing on IDology's Motion to Dismiss the First Amended Complaint.

## FACTUAL BACKGROUND

21. **In order to provide its clients with biometric identity authentication services, Defendant developed a proprietary biometrically-enabled Application Programming Interface (or "API").**

**ANSWER TO PARAGRAPH 21:** Defendant denies the allegations of Paragraph 21.

22. **Defendant incorporates its identity-verification platform into its clients' mobile or internet-based applications, where it collects and analyzes individuals' facial biometrics in order to authenticate their identities for its clients, including its many clients that Defendant knows do business in Illinois, such as the online brokerage Redfin,[2] the online sportsbook Pointsbet,[3] and Roblox, the maker of a popular children's video game.**

**ANSWER TO PARAGRAPH 22:** Paragraph 22 of the First Amended Complaint alleges legal conclusions couched as factual allegations. Because Paragraph 22 does not aver

---

[2] https://www.idology.com/press-release/idology-improves-online-home-buying-process-for-real-estate-industry/ (last accessed August 2, 2022) (promoting Defendant's relationship with Redfm and Redfm's availability in the Chicago metro area).

[3] https://il.pointsbet.com/terrns-and-conditions (identifying Defendant as its identity verification vendor in Illinois Terms and Conditions).

factual allegations, no response by Defendant is required. To the extent a response is required, Defendant denies that it "incorporate[d] its identity-verification platform" into a "mobile or Internet-based application" for Roblox, the third party with whom the First Amended Complaint alleges Plaintiff interacted. Defendant further denies that it is proper for Plaintiff to rely on materials outside of the First Amended Complaint, such as the sources cited in the footnotes. Defendant denies that it "collects and analyzes individuals' facial biometrics" with its identity verification service. Defendant is without sufficient information or knowledge as to its clients' business in Illinois and therefore denies the same. Defendant denies the remaining allegations of Paragraph 22.

23. **Several of Defendant's National Sales Executives reside in the Chicago area, permitting Defendant to target the Illinois marketplace, and Defendant's representatives regularly attend promotional and marketing conferences in Chicago.[4]**

**ANSWER TO PARAGRAPH 23:** Defendant admits that several of its executives reside in the Chicago area and occasionally attend conferences there, although this information is entirely irrelevant to the allegations in the First Amended Complaint. Defendant denies the remaining allegations of Paragraph 23.

24. **Indeed, for marketing purposes, Defendant touts its superior ability to detect fraudulent transactions (including both the perpetrator and the victim) originating in Illinois through the use of geolocation tracking technology:**

[4] *See* https://twitter.com/idology/status/1504805447659888648 (last accessed Aug. 2, 2022); https://www.globenewswire.com/fr/news-release/2015/08/11/759758/19383/en/IDology-CEO-John-Dancu-Invited-to-Speak-on-Payment-Security-at-2015-Mobile-Payment-Conference.html (last accessed Aug. 2. 2022).




**(https://www.idology.com/blogiusing-location-to-stop-fraud/) (last accessed Aug. 2, 2022)**

**ANSWER TO PARAGRAPH 24:** Defendant denies the allegations of Paragraph 24.

25. **Defendant's API performs identity verification by requiring the user to present some form of identification that features a picture of their face, from which it collects a facial biometric scan, and then obtaining a "selfie,"** ***i.e.*** **a live picture of the user's face, from which it obtains a separate facial biometric scan. Defendant then compares the facial geometries obtained from the identifying document and the selfie. If Defendant's platform determines that the facial biometrics from the two sets of pictures match, the user's identity is verified.**

**ANSWER TO PARAGRAPH 25:** Paragraph 25 of the First Amended Complaint alleges legal conclusions couched as factual allegations. Because Paragraph 25 does not aver factual allegations, no response by Defendant is required. To the extent a response is deemed

necessary, Defendant denies the allegations of Paragraph 25, and in particular denies that Defendant's API "requires" a user to present any such information. Defendant's API, like any API, is a tool that its clients may elect to use in different ways based on the service or services the client has purchased, and does not "require" anything.

26. **Between 2018 and 2019, Plaintiff registered with Roblox, one of Defendant's clients doing business in Illinois, which requires a fast onboarding process for its developers (many of whom are minors) involving identity and age verification. Plaintiff registered with Roblox in Illinois.**

**ANSWER TO PARAGRAPH 26:** Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 26 and therefore denies the same.

27. **In order to be accepted into one of Roblox's developers program, Plaintiff, while located in Illinois, was required to upload her school identification documents and a "selfie" photograph to Defendant's identity verification API.**

**ANSWER TO PARAGRAPH 27:** Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 26 and therefore denies the same.

28. **When Plaintiff engaged with Defendant's age and verification API, Defendant collected the Illinois IP address and geolocation of the device Plaintiff used to upload her identification documents and selfie picture. Thus, Defendant knew its API was interacting with an individual located in the state of Illinois.**

**ANSWER TO PARAGRAPH 28:** Defendant has conducted a reasonable investigation and has been unable to identify whether it "collected [an] Illinois IP address [or] geolocation of

the device Plaintiff used," rendering Defendant unable to admit or deny whether it knew it was interacting with an individual located in the state of Illinois. Regardless, this information is irrelevant as Defendant never collected biometrics for Plaintiff. Defendant denies the remaining allegations of Paragraph 28.

29. **Using its proprietary facial recognition and matching technology, Defendant collected, stored, and analyzed Plaintiff's facial geometry in Illinois in order to compare her face with the photograph on her ID, and thus verify her age and identity.**

**ANSWER TO PARAGRAPH 29:** Paragraph 29 of the First Amended Complaint alleges legal conclusions couched as factual allegations. Because Paragraph 29 does not aver factual allegations, no response by Defendant is required. To the extent a response is required, Defendant denies the allegations of Paragraph 29.

30. **On information and belief, Defendant then disclosed and/or disseminated Plaintiff's biometric data to third party business partners, including vendors and contractors it uses for data processing and data storage purposes, in order to facilitate future transactions, but Defendant failed to obtain Plaintiff's consent to do so as required by 740 ILCS 14/15(d).**

**ANSWER TO PARAGRAPH 30:** Defendant denies the allegations of Paragraph 30, which references "information and belief" without identifying any facts informing the same and comprises legal conclusions bereft of any supporting factual allegations.

31. **Prior to taking Plaintiff's biometrics, Defendant did not seek, and Plaintiff never provided, any written consent relating to the collection or capture of her biometrics as required by 740 ILCS 14/15(b). Defendant also failed to provide Plaintiff with written**

**disclosures informing her of the specific purpose and length of term for which her biometrics were being collected.**

**ANSWER TO PARAGRAPH 31:** Paragraph 31 of the First Amended Complaint alleges legal conclusions parroting the language of BIPA couched as factual allegations without any support for the same. Because Paragraph 31 does not aver factual allegations, no response by Defendant is required. To the extent a response is required, Defendant denies the allegations of Paragraph 31.

32. **Though Defendant came into possession of Plaintiff's biometrics, Defendant failed to make publicly available the written biometric retention and destruction policy required by 740 ILCS 14/15(a).**

**ANSWER TO PARAGRAPH 32:** Paragraph 32 of the First Amended Complaint again alleges legal conclusions mirroring the language of BIPA couched as factual allegations with no support for the same. Because Paragraph 32 does not aver factual allegations, no response by Defendant is required. To the extent a response is required, Defendant denies the allegations of Paragraph 32.

33. **Defendant also unlawfully profited from the facial biometrics it obtained from consumers, including Plaintiff and the other Class members, as, on information and belief, Defendant is paid by its clients for access to Defendant's facial recognition and matching platform on a per-biometric-verification basis, such that Plaintiff's and other Illinois residents' biometric data is an essential element of Defendant's business, in violation of 740 ILCS 14/15(c).**

**ANSWER TO PARAGRAPH 33:** Defendant denies the allegations of Paragraph 33, which references "information and belief" without identifying any facts informing the same and comprises legal conclusions bereft of any supporting factual allegations.

34. **Defendant's violations of BIPA are particularly egregious because Defendant advises prospective clients about privacy laws and regulations such as the California Consumer Privacy Act and the European Union's General Data Protection Regulation. Thus, Defendant knows that its collection of sensitive personal information such as biometrics subjects it to privacy laws like BIPA, but Defendant has nonetheless failed to comply.**

**ANSWER TO PARAGRAPH 34:** Defendant is perplexed by Plaintiff's reference to two entirely separate statutory schemes that have no bearing on BIPA and are wholly irrelevant to the First Amended Complaint and the allegations raised therein. Defendant is particularly stunned that these completely irrelevant allegations are not even alleged "on information and belief." In any event, Defendant denies the allegations of Paragraph 34, which are yet more legal conclusions bereft of any supporting factual allegations.

35. **By failing to comply with BIPA, Defendant has violated Plaintiff's substantive state rights to biometric information privacy.**

**ANSWER TO PARAGRAPH 35:** Defendant denies the allegations of Paragraph 35.

## CLASS ALLEGATIONS

36. **Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff brings this action on her own behalf and on behalf of a class (the "Class") defined as follows:**

> **Class: All individuals whose biometrics were captured, collected, stored, used, transmitted, and/or disseminated by Defendant or its technology within the state of Illinois any time within the applicable limitations period.**

**ANSWER TO PARAGRAPH 36:** Defendant admits that Plaintiff purports to represent the class as defined in Paragraph 36 of the First Amended Complaint. Defendant otherwise denies the allegations of Paragraph 36 and specifically denies that this action is properly brought as a putative class action and that Plaintiff is an adequate class representative.

37. **Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officers or directors.**

**ANSWER TO PARAGRAPH 37:** Paragraph 37 of the First Amended Complaint alleges legal conclusions couched as factual allegations. Because Paragraph 37 does not aver factual allegations, no response by Defendant is required. To the extent a response is deemed necessary, Defendant denies the allegations of Paragraph 37.

38. **Upon information and belief, there are at least hundreds of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's records.**

**ANSWER TO PARAGRAPH 38:** Defendant admits that the allegations of the First Amended Complaint are sufficient to satisfy the requirements of CAFA. Defendant is without sufficient knowledge to form a belief as to the allegations relating to the putative class Plaintiff purports to represent and therefore denies the same. Defendant denies the remaining allegations of Paragraph 38.

39. **Plaintiff's claims are typical of the claims of the members of the Class she seeks to represent, because the factual and legal bases of Defendant's liability to Plaintiff and the other members are the same, and because Defendant's conduct has resulted in similar**

**injuries to Plaintiff and to the Class. As alleged herein, Plaintiff and the Class have all suffered damages as a result of Defendant's BIPA violations.**

**ANSWER TO PARAGRAPH 39:** Paragraph 39 of the First Amended Complaint alleges legal conclusions couched as factual allegations. Because Paragraph 39 does not aver factual allegations, no response by Defendant is required. To the extent a response is deemed necessary, Defendant denies the allegations of Paragraph 39, specifically denies any liability, and denies that any damages or injunctive relief are proper.

40. **There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members. Common questions for the Class include, but are not limited to, the following:**

a. **Whether Defendant collects, captures, stores, uses, or disseminates the biometrics of the members of the Class;**

b. **Whether Defendant obtained a written release from the members of the Class before capturing, collecting, or otherwise obtaining their biometrics;**

c. **Whether Defendant provided a written disclosure to the members of the Class that explains the specific purposes, and the length of time, for which biometrics were being collected and used before collecting such biometrics;**

d. **Whether Defendant disseminated or disclosed the Class members' biometrics to third parties with their consent;**

e. **Whether Defendant's conduct violates BIPA;**

f. **Whether Defendant's violations of BIPA are willful or reckless;**

g. **Whether Defendant's violations of BIPA are negligent; and**

**h. Whether Plaintiff and other Class members are entitled to damages and injunctive relief.**

**ANSWER TO PARAGRAPH 40:** Paragraph 40 of the First Amended Complaint alleges legal conclusions couched as factual allegations. Because Paragraph 40 does not aver factual allegations, no response by Defendant is required. To the extent a response is deemed necessary, Defendant denies the allegations of Paragraph 40, including all subparts thereto, and specifically denies any liability. Defendant further specifically denies the propriety of alleging that a common question among the class is "[w]hether Defendant's violations of BIPA are willful or reckless" when Plaintiff has raised no allegations in the First Amended Complaint that would support the same.

41. **Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.**

**ANSWER TO PARAGRAPH 41:** Paragraph 41 of the First Amended Complaint alleges legal conclusions couched as factual allegations. Because Paragraph 41 does not aver factual allegations, no response by Defendant is required. To the extent a response is deemed necessary, Defendant denies the allegations of Paragraph 41.

42. **Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class she seeks to represent. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members**

**of the Class and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to those of the other members of the Class.**

**<u>ANSWER TO PARAGRAPH 42:</u>** Paragraph 42 of the First Amended Complaint alleges legal conclusions couched as factual allegations. Because Paragraph 42 does not aver factual allegations, no response by Defendant is required. To the extent a response is deemed necessary, Defendant denies the allegations of Paragraph 42.

43. **Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.**

**<u>ANSWER TO PARAGRAPH 43:</u>** Paragraph 43 of the First Amended Complaint alleges legal conclusions couched as factual allegations. Because Paragraph 43 does not aver factual allegations, no response by Defendant is required. To the extent a response is deemed necessary, Defendant denies the allegations of Paragraph 43.

**<u>COUNT I</u>**

44. **Plaintiff incorporates the foregoing allegations as if fully set forth herein.**

**<u>ANSWER TO PARAGRAPH 44:</u>** Paragraph 44 contains no factual allegation requiring any response.

45. **Defendant is a private entity under BIPA.**

**<u>ANSWER TO PARAGRAPH 45:</u>** Paragraph 45 of the First Amended Complaint alleges legal conclusions couched as factual allegations. Because Paragraph 45 does not aver factual allegations, no response by Defendant is required. To the extent a response is deemed necessary, Defendant admits that it is a private entity and otherwise denies the allegations of Paragraph 45.

46. **As described above, Plaintiff and the Class members had their biometric identifiers, in the form of their facial geometry, and/or information or data derived therefrom, i.e. biometric information, collected, captured, received or otherwise obtained by Defendant. *See* 740 ILCS 14/10.**

**<u>ANSWER TO PARAGRAPH 46:</u>** Paragraph 46 of the First Amended Complaint alleges legal conclusions couched as factual allegations. Because Paragraph 46 does not aver factual allegations, no response by Defendant is required. To the extent a response is deemed necessary, Defendant denies the allegations of Paragraph 46.

47. **Defendant captured, collected, stored, used, and otherwise obtained Plaintiff's and the Class members' biometrics through its biometric identity verification service without obtaining their informed written consent and without complying with BIPA.**

**<u>ANSWER TO PARAGRAPH 47:</u>** Paragraph 47 of the First Amended Complaint alleges legal conclusions couched as factual allegations. Because Paragraph 47 does not aver factual allegations, no response by Defendant is required. To the extent a response is deemed necessary, Defendant denies the allegations of Paragraph 47.

48. **Defendant also violated BIPA when it came into possession of biometric identifiers and/or biometric information and did not make publicly available a biometric retention and destruction policy.**

**<u>ANSWER TO PARAGRAPH 48:</u>** Paragraph 48 of the First Amended Complaint alleges legal conclusions couched as factual allegations. Because Paragraph 48 does not aver factual allegations, no response by Defendant is required. To the extent a response is deemed necessary, Defendant denies the allegations of Paragraph 48.

49. **Upon information and belief, Defendant disclosed or disseminated the biometric identifiers and/or biometric information of Plaintiff and the Class members to at least one third party business partner for data storage or redundancy purposes without obtaining their consent to do so.**

**ANSWER TO PARAGRAPH 49:** Paragraph 49 of the First Amended Complaint alleges legal conclusions couched as factual allegations and references "information and belief" without identifying any facts informing same, frustrating any ability to meaningfully respond. Because Paragraph 49 does not aver factual allegations, no response by Defendant is required. To the extent a response is deemed necessary, Defendants deny the allegations of Paragraph 49.

50. **Plaintiff and the Class members have been aggrieved by Defendant's failures to adhere to the following BIPA requirements, with each such failure constituting a separate and distinct violation of BIPA:**

a. **Defendant failed to inform Plaintiff and the Class members in writing that their biometrics were being collected and stored, prior to such collection or storage, as required by 740 ILCS 14/15(b)(1);**

b. **Defendant failed to inform Plaintiff and the Class members in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);**

c. **Defendant failed to inform Plaintiff and the Class members in writing of the specific length of term their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);**

d. **Defendant failed to obtain a written release from Plaintiff and the Class members, as required by 740 ILCS 14/15(b)(3);**

e. **Defendant failed to make publicly available a written retention schedule detailing the length of time for which the biometrics are stored and/or guidelines for permanently destroying the biometrics they store, as required by 740 ILCS 14/15(a); and**

f. **Defendant failed to obtain informed consent to disclose or disseminate the Class members' biometrics to its third party affiliates and business partners, as required by 740 ILCS 14/15(d)(1).**

**ANSWER TO PARAGRAPH 50:** Paragraph 50 of the First Amended Complaint alleges legal conclusions couched as factual allegations and references "information and belief" without identifying any facts informing same, frustrating any ability to meaningfully respond. Because Paragraph 50 does not aver factual allegations, no response by Defendant is required. To the extent a response is deemed necessary, Defendants deny the allegations of Paragraph 50 and all subparts thereto.

51. **As alleged herein, Defendant also unlawfully profited from the facial biometrics it obtained from its clients, including Plaintiff and the other Class members, as Defendant was paid by its clients for their use of Defendant's biometric verification platform on a per-verification basis, such that biometrics constituted a necessary element of Defendant's for-profit model. 740 ILCS 14/15(c).**

**ANSWER TO PARAGRAPH 51:** Paragraph 51 of the First Amended Complaint does not aver factual allegations to which any response by Defendant is required. To the extent a response is deemed necessary, Defendant denies the allegations of Paragraph 51.

52. **By capturing, collecting, storing, using, and disseminating Plaintiff's and the Class members' biometrics as described herein, Defendant denied Plaintiff their respective rights to biometric information privacy, as set forth in BIPA.**

**ANSWER TO PARAGRAPH 52:** Paragraph 52 of the First Amended Complaint alleges legal conclusions couched as factual allegations. Because Paragraph 52 does not aver factual allegations, no response by Defendant is required. To the extent a response is deemed necessary, Defendant denies the allegations of Paragraph 52.

53. **BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA.**

**ANSWER TO PARAGRAPH 53:** Defendant admits that Paragraph 53 purports to describe the damages available under BIPA and otherwise denies the allegations of Paragraph 53.

54. **Defendant's violations of BIPA, as set forth herein, were knowing and willful, or were at least in reckless disregard of the statutory requirements, as BIPA has been in existence since 2008, and BIPA's minimally-burdensome compliance regime may be satisfied with a single sheet of paper or a single webpage screen. Defendant knows that its business model and collection of sensitive consumer data subject it to various privacy regimes, such as the California Consumer Privacy Act and the European Union's General Data Protection Regulation, but Defendant has nonetheless ignored BIPA's requirements. Alternatively, Defendant negligently failed to comply with BIPA's disclosure, consent, and policy-posting requirements.**

**ANSWER TO PARAGRAPH 54:** Defendant is again bewildered by Plaintiff's references to the CCPA and the GDPR, two entirely distinct statutory schemes that have nothing to do with the allegations in the First Amended Complaint. The remainder of Paragraph 54 alleges

legal conclusions couched as factual allegations to which no response by Defendant is required. To the extent a response is deemed necessary, Defendant denies the allegations of Paragraph 54. Defendant additionally states that Plaintiff has not raised any allegations throughout the entirety of the First Amended Complaint that would support the contention that any violation of BIPA by Defendant was knowing or willful.

55. **Accordingly, with respect to Count I, Plaintiff, on behalf of herself through her Guardian, and the proposed Class, prays for the relief set forth below.**

**ANSWER TO PARAGRAPH 55:** Paragraph 55 of the First Amended Complaint alleges legal conclusions couched as factual allegations. Because Paragraph 55 does not aver factual allegations, no response by Defendant is required. To the extent a response is deemed necessary, Defendant denies the allegations of Paragraph 55.

**PRAYER FOR RELIEF**

**WHEREFORE, Plaintiff, on behalf of herself and the proposed Class, respectfully requests that this Court enter an Order:**

**a. Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;**

**b. Declaring that Defendant's actions, as set forth herein, violate BIPA;**

**c. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA requirements for the capture, collection, storage, use, and dissemination of biometric identifiers and biometric information;**

**d. Awarding statutory damages in excess of $50,000, including $5,000 for each willful and/or reckless violation of BIPA, pursuant to 740 ILCS 14/20(2), and $1,000 for each negligent violation of BIPA, pursuant to 740 ILCS 14/20(1);**

**e. Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3);**

**f. Awarding pre- and post-judgment interest, as allowable by law; and**

**g. Awarding such further and other relief as the Court deems just and equitable.**

Defendant denies liability and denies all allegations of the Relief Sought and its subsections. Defendant hereby gives notice that it may rely on other defenses if and when such defenses become known during the course of litigation, and hereby reserves the right to amend its Answer to assert any other defenses as they become known or available.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Each of the defenses set forth herein is stated as a separate and distinct defense, in the alternative to, and without waiving, any of the other defenses which are herein or which may hereafter be pleaded. Defendant reserves the right to raise such additional affirmative and other defenses as may be established during discovery and by the evidence in this case. Defendant asserts the following specific defenses:

1. This Court lacks personal jurisdiction over Defendant.

2. The First Amended Complaint fails to state a claim upon which relief can be granted, in whole or in part.

3. The First Amended Complaint fails to state a claim for injunctive relief or any willful or reckless violations of BIPA.

4. Plaintiff's alleged damages are caused, in whole or in part, by third parties.

5. Plaintiff's claim for injunctive relief fails because Plaintiff has an adequate remedy at law.

6. Plaintiff's claim for damages is barred, in whole or in part, by intervening changes in the law after Plaintiff filed her First Amended Complaint.

7. Plaintiff's claims are barred by the doctrines of waiver, estoppel, and laches.

8. Plaintiff's claims for damages are barred in whole or in part because BIPA's liquidated damages provisions are discretionary, rather than mandatory. *See Rogers v. BNSF Ry. Co.*, 680 F. Supp. 3d 1027, 1041 (N.D. Ill. 2023) (vacating damages award "[b]ecause . . . damages under BIPA section 20 are discretionary" rather than mandatory).

9. Plaintiff's claims are barred in whole or in part because Plaintiff agreed that the laws of states other than Illinois would govern the claims raised herein. Consequently, Plaintiff is barred from bringing claims under BIPA against Defendant.

Defendant reserves the right to amend its Answer and assert further affirmative defenses that are not presently known to it but may become known and available through further investigation and discovery.

**DATED**: November 20, 2024

*/s/ Adam R. Fox*

**SQUIRE PATTON BOGGS (US) LLP**

Adam R. Fox
(*pro hac vice*)
Hannah Makinde
(*pro hac vice*)
555 S. Flower Street, Suite 3100
Los Angeles, CA 90071
Tel.: (213) 624-2500
Fax: (213) 623-4581
Email: adam.fox@squirepb.com
hannah.makinde@squirepb.com

Kristin Bryan
(*pro hac vice*)
1000 Key Tower
127 Public Square
Cleveland, OH 44114
Tel.: (216) 479-8500
Fax: (216) 479-8780
Email: kristin.bryan@squirepb.com

Christina Lamoureux
(*pro hac vice*)
2550 M Street NW
Washington DC 20037
Tel.: (202) 457-6000
Fax: (202) 457-6315
Email: christina.lamoureux@squirepb.com

*Attorneys for Defendant IDology, Inc.*

## CERTIFICATE OF SERVICE

I, Adam Fox, hereby certify that, on November 20, 2024, I caused to be filed the foregoing Defendant IDology, Inc.'s Answer and Affirmative Defenses to the First Amended Class Action Complaint with the Court via the ECF System, it is available for viewing and downloading from the ECF system, and a true and correct copy was served to all counsel of record registered with the ECF system.

**SQUIRE PATTON BOGGS (US) LLP**

*/s/Adam R. Fox*
Adam R. Fox

*Attorney for Defendant IDology, Inc.*